[No. 19529. Department One.—July 26, 1895.]

# RIVERSIDE WATER COMPANY, RESPONDENT, *v.* MATTHEW GAGE, APPELLANT.

APPEAL—REVIEW OF ORDER DENYING NEW TRIAL—FINDINGS AND PLEAD-INGS NOT INVOLVED.—Upon appeal from an order denying a new trial, where the cause was tried by the court and the record of its action is embodied in a statement of the case, the only questions to be consid-ered are the sufficiency of the evidence to justify the findings of the court, and whether any errors of law occurred at the trial; and the questions as to whether the findings are sufficient to support the judg-ment, or correspond with the issues presented by the pleadings, or as to what issues the pleadings present, do not arise, and these questions can be considered only upon appeal from the judgment.

ID. — DECISION UPON APPEAL FROM JUDGMENT — CONSTRUCTION OF AN-SWER — RIPARIAN RIGHTS — PRESCRIPTION—REVIEW OF EVIDENCE.— Where, upon an appeal from a judgment in an action for the diversion of water, decided before an appeal from an order denying a new trial, the court determined that the answer of the appellant raised no issue as to the extent of the defendant's rights, as a mere riparian proprietor, to divert and exhaust any portion of the waters of the stream, and that no question was raised by the pleadings as to whether the plaintiff had gained a prescriptive right which barred a riparian right of the defend-ant, it cannot be considered upon the appeal from the new trial order, whether the evidence shows that the defendant was a riparian proprie-tor above the point at which the plaintiff diverts the waters of the stream, or whether the plaintiff had only a prescriptive right to divert the waters of the stream as against him.

ID.—EVIDENCE AS TO ISSUE NOT RAISED.—The rule that where an issue has been tendered by the plaintiff, and evidence upon that issue has been introduced at the trial by both parties, without objection, upon the assumption that an answer, defective in form, raises the issue, the par-ties cannot object for the first time upon appeal that the issue was not before the court, has no application to a case where evidence was intro-duced outside of any issue presented in the pleadings.

ID.—NEW TRIAL STATEMENT—EVIDENCE NOT WITHIN ISSUES—PRESUMP-·
TION AS TO OBJECTION.—It cannot be assumed, because a statement on
motion for a new trial contains evidence outside of the issues befo e the
court, that it was received without objection, the party preparing the
statement being required to place therein only such errors as he desires
to have reviewed, and any objections or exceptions to the introduction
of evidence that may have been made by the prevailing party have no
place in such statement, and if appellant would rely upon the fact that
no objection was made to such evidence he must make it appear that
such was the case.

ID.—EFFECT OF EVIDENCE IN RELATION TO ISSUES.—Evidence introduced
upon one issue is available to establish any of the issues in the case, but
cannot be used to establish an issue not made by the pleadings.

ID.—FINDING OUTSIDE OF ISSUES — OMISSION TO FIND. — A finding upon
evidence outside of issues will be disregarded, and the failure of the
court to make a finding upon an issue not presented by the pleadings
cannot be erroneous.

ID.— ARGUMENT UPON APPEAL — SPECIFICATIONS NOT ILLUSTRATED IN
BRIEF — PRESUMPTION.—Where the transcript upon an appeal is volu-
minous, and points are presented in appellant's brief by mere refer-
ence to specifications in the transcript, without calling attention to the
portions of the record which would illustrate the specifications, it will
be inferred that the specifications are not sustained by the record.

ID.—OBJECTIONS TO EFFECT AS EVIDENCE.—Objections offered to the admis-
sion of instruments in evidence, which go merely to their effect as evi-
dence and not to their admissibility, are properly overruled.

APPEAL from an order of the Superior Court of San
Bernardino County denying a new trial. JAMES A.
GIBSON, Judge.

The facts are stated in the opinion of the court, re-
ported in 89 Cal. 416, and in the opinion of the court in
this case.

*Byron Waters*, for Appellant.

The evidence having been introduced, without objec-
tion, to show the riparian rights of the defendant, and
the case tried upon the theory that issue was properly
made thereon, the sufficiency of the pleadings cannot
be objected to upon appeal for the first time. (*Cave* v.
*Crafts*, 53 Cal. 135; *Spiers* v. *Duane*, 54 Cal. 176; *Clark*
v. *Child*, 66 Cal. 91; *Crowley* v. *City R. R. Co.*, 60 Cal.
630; *Hughes* v. *Wheeler*, 76 Cal. 232; *Davis* v. *Davis*, 26
Cal. 39; 85 Am. Dec. 157; *Horn* v. *Hamilton*, 89 Cal. 276–
79; *Hill* v. *Birmingham Union Ry. Co.*, 100 Ala. 447.)

The claim of prescriptive title or adverse user, or the benefit of the statute of limitations, cannot be invoked in favor of a lower appropriator against an upper riparian proprietor, for the reason that there is no invasion of his rights of which he can complain. (*Hanson* v. *Mc-Cue*, 42 Cal. 309, 310; 10 Am. Rep. 299; *Pope* v. *Kinman*, 54 Cal. 3; *Creighton* v. *Evans*, 53 Cal. 55; *Lux* v. *Haggin*, 69 Cal. 390; *Anaheim W. Co.* v. *Semi-Tropic W. Co.*, 64 Cal. 192; Gould on Waters, sec. 334; *Sullivan* v. *Zeiner*, 98 Cal. 346; *Mitchell* v. *Mayor*, 49 Ga. 25; 15 Am. Rep. 669; *Gallaher* v. *Montecito Valley W. Co.*, 101 Cal. 242; *Grigsby* v. *Clear Lake W. Co.*, 40 Cal. 406; *Arkwright* v. *Gell*, 5 Mees. & W. 220; *Wheatley* v. *Baugh*, 25 Pa. St. 528; 64 Am. Dec. 721; *Heilbron* v. *'76 Land etc. Co.*, 80 Cal. 189; *Pratt* v. *Lamson*, 2 Allen, 275, 288, 289; *Alta Land etc. Co.* v. *Hancock*, 85 Cal. 226; 20 Am. St. Rep. 217; *Lakeside Ditch Co.* v. *Crane*, 80 Cal. 181; *Settlers' Ditch Co.* v. *Hayes* (Cal., July 31, 1889), 22 Pac. Rep. 1152; *Mud Creek Irr. etc. Co.* v. *Vivian*, 74 Tex. 170; *Van Bibber* v. *Hilton*, 84 Cal. 585.)

*R. E. Houghton*, for Respondent.

On this appeal the question of the sufficiency of the pleadings cannot be considered. (*Shepard* v. *McNeil*, 38 Cal. 74; *Bode* v. *Lee*, 102 Cal. 586; Hayne on New Trial and Appeal, sec. 1; *Spanagel* v. *Dellinger*, 38 Cal. 278; *Evans* v. *Paige*, 102 Cal. 132; *Mason* v. *Austin*, 46 Cal. 385.) It was decided on the former appeal from the judgment that the answer was insufficient to raise any issue as to the extent of defendant's right as a mere riparian proprietor. (*Riverside Water Co.* v. *Gage*, 89 Cal. 410, 421.) That decision became the law of the case. (*Donner* v. *Palmer*, 51 Cal. 636; *Wilkinson* v. *Merrill*, 56 Cal. 560; *People* v. *Hamilton*, 103 Cal. 496; *McKinlay* v. *Tuttle*, 42 Cal. 576.) A party may acquire title by prescription against an upper as well as a lower riparian proprietor. (*Pillsbury* v. *Moore*, 44 Me. 155; 69 Am. Dec. 91; *Townsend* v. *McDonald*, 2 Kern. 381; 66 Am. Dec. 508; *Bullen* v. *Runnels*, 2 N. H. 255; 9 Am.

Dec. 55; Angell on Watercourses, sec. 1301; *Colburn* v. *Richards*, 13 Mass. 420; 7 Am. Dec. 160; *Cook* v. *Hull*, 3 Pick. 269; 15 Am. Dec. 208; *Weston* v. *Alden*, 8 Mass. 136; *Watkins* v. *Peck*, 13 N. H. 370; *White* v. *Chapin*, 12 Allen, 519; *Tyler* v. *Wilkinson*, 4 Mason, 404.) Appellant could commence a suit in equity for violation of his rights as a riparian proprietor. (*Webb* v. *Portland Mfg. Co.*, 3 Sumn. 196; Angell on Watercourses, sec. 449; *Whipple* v. *Cumberland Mfg. Co.*, 2 Story, 664; *Curtis* v. *Sutter*, 15 Cal. 262.)

HARRISON, J.—An appeal from the judgment in this action has been heretofore heard and determined. (*Riverside Water Co.* v. *Gage*, 89 Cal. 410.) The present appeal is from an order denying the defendant's motion for a new trial, made subsequent to the affirmance of the judgment. The main portion of the argument on behalf of the appellant is that, inasmuch as the evidence before the court showed that the defendant is the owner of lands riparian to the Santa Ana river above the plaintiff's point of diversion, the plaintiff could not acquire a right of diversion by prescription against defendant, as such riparian proprietor, and that the decree, in so far as it deprives him of any riparian rights, is erroneous. We are of the opinion, however, that this question does not arise upon the present appeal.

Upon the appeal from an order denying a new trial, when the cause was tried by the court, and the record of its action is brought here in a statement of the case, the only questions to be considered are the sufficiency of the evidence to justify the findings of the court, and whether any errors of law occurred at the trial. Whether the findings are sufficient to support the judgment, or correspond to the issues presented by the pleadings, as well as what issues the pleadings present, are questions which can be considered only upon an appeal from the judgment, and do not arise upon an appeal from an order denying a new trial. (*Brison* v. *Brison*, 90 Cal. 323.) "A new trial is a re-examination of an issue of

fact in the same court, after a trial and decision by a jury or court." (Civ. Code, sec. 656.) And only those matters applicable to the determination of that issue are proper to be considered upon a motion for a new trial. If the finding upon the issue is in accordance with the evidence it is irrelevant to the motion for a new trial that the finding has not been given proper effect in the judgment, since upon another trial the same evidence must result in the same finding.

Upon the appeal from the judgment herein one of the questions before the court was a determination of what issues were presented by the answer of the appellant, and whether his right as a riparian owner to divert any portion of the stream was one of those issues; and it was held that this issue was not presented by his answer, the court saying in its opinion: "In short, we think the answer insufficient to raise any issue as to the extent of defendant's right as a mere riparian proprietor to divert and exhaust any portion of the waters of the stream. . . . . It was not necessary, therefore, to support the conclusions and judgment of the court, to find that the plaintiff had gained a prescriptive right, or that the defendant was barred of his riparian right; and, conceding these findings to be as insufficient as appellant contends they are, we think the other findings cover all the material issues, and fully support the judgment." With this decision upon the character of the answer we are precluded from considering whether the evidence shows that the defendant was a riparian proprietor above the point at which the plaintiff diverts the waters of the stream, or, conceding that he was, whether the plaintiff could acquire a prescriptive right against him to divert any of the waters of the stream.

It is urged by the appellant, however, that, inasmuch as some of the evidence which he introduced at the trial shows that he was such riparian proprietor, it must be held that the cause was tried upon the theory that this issue was before the court, and, therefore, is proper to be reviewed upon this appeal. It has been

held that when an issue has been tendered by the plaintiff, and evidence upon that issue has been introduced at the trial by both parties, without objection, upon the assumption that an answer, though defective in form, raises an issue, the parties would not be permitted to contend for the first time upon an appeal that such issue was not before the court.   This rule, however, has no application to a case where, at the trial, evidence is introduced which is outside of any issue presented in the pleadings; and, under the decision of this court that the issue contended for by the appellant is not presented in his answer, it cannot be held that this evidence was received at the trial in support of such issue. Nor is it to be assumed that, because the statement contains evidence outside of the issues before the court, it was received without objection.   The party preparing the statement is required to place therein only such errors as he desires to have reviewed, and any objections or exceptions to the introduction of evidence that may have been made by the prevailing party have no place in such statement.   (*In re Gates,* 90 Cal. 259; *Klauber* v. *San Diego Street Car Co.,* 98 Cal. 105.)   If the appellant would rely upon the fact that no objection was made to such evidence he should make it clearly to appear that such was the case.   It is frequently the case that evidence which is admissible to establish one issue may tend to establish another issue than that for which it is offered, and it is a rule that evidence so introduced is available to establish any of the issues in the case. This rule is, however, limited to the issues which are to be tried.   If the other issue that the evidence may tend to establish is not before the court the evidence must be limited to the actual issue.   The fact of its introduction cannot be used to establish an issue that the parties have not made in their pleadings.   The court would not be authorized to consider it as establishing an issue that was not before it for trial.   Even a finding upon such evidence would be disregarded in determining the correctness of the judgment.

We hold, therefore, that, as it has been once determined in this case that the right of the appellant as a mere riparian proprietor to divert any portion of the waters of the stream was not an issue before the court, any evidence offered at the trial which would tend to establish such issue did not authorize the court to make a finding upon that issue, and its failure to make a finding thereon was not error. As the issue was not in the action the court was not authorized to make a finding thereon, and, if it had made such finding, it could not have been considered as a basis for the judgment.

In the statement prepared by the appellant he has specified nineteen errors of law as committed at the trial, and twenty-two points in which the evidence is insufficient to sustain the decision of the court. In his brief, however, he has referred to only two of these errors of law, and has disposed of the insufficiency of the evidence as follows: "The specifications of insufficiency of the evidence to justify the decision are ample to cover the discussions above written. Those specifications are found on folios 3943 to 3972, and we refer to numbers 1, 2, 6, 7, 15, 16, and 17." The statement of the case is contained in two volumes of upwards of five hundred pages each, but, as counsel has not deemed it of sufficient moment to call our attention to the portions of the record which would illustrate these specifications, we can only infer that he was unable to do so. We have frequently stated that, if counsel do not point out the errors in the record we shall not search it to ascertain if there are any.

The errors of law to which he has directed our attention do not require extended consideration. The objection to the instruments offered went to their effect as evidence, and not to their admissibility.

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.