[S. F. No. 1382.   Department One.—December 16, 1898.]

'ALICE S. POULSON, Respondent, v. JAMES STANLEY, Administrator, etc., Appellant.

ESTATES OF DECEASED PERSONS—QUIETING TITLE—EVIDENCE—COMPETENCY OF PLAINTIFF AS WITNESS—DELIVERY OF DEED BY DECEDENT.—An action by a widow to quiet her title to land conveyed to her by her husband during his lifetime, as against his administrator, is not an action "upon a claim or demand against the estate of the deceased," within the meaning of section 1880 of the Code of Civil Procedure; and she may testify in such action that the deed was delivered to her by her husband in his lifetime.

ID.—PRIVILEGED 'COMMUNICATION"—HUSBAND AND WIFE—DELIVERY OF

Deed.— The delivery of a deed from a husband to a wife is not a privileged "communication" within the meaning of subdivision 1 of section 1881 of the Code of Civil Procedure.

Id.—Subsequent Conduct of Wife — Question of Fact — Appeal.— Whether the subsequent conduct and acts of the wife, after the alleged delivery of the deed, was such as to authorize the inference that it had not been delivered, was a question of fact for the trial court to determine, and is not open to review upon appeal.

Id.—Intent to Defraud Creditors—Question of Fact—Consideration of Deed.—The intent of the husband to defraud his creditors by the conveyance to the wife is made a question of fact by the statute, and under section 3442 of the Civil Code, as it formerly stood, the transfer cannot be adjudged fraudulent solely on the ground that it was not made for a valuable consideration.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

F. W. Sawyer, and A. Morgenthal, for Appellant.

E. M. Gibson, and Welles Whitmore, for Respondent.

HARRISON, J.—Appeal from a judgment in favor of the plaintiff quieting her title to certain real estate.

The plaintiff was the wife of Peter Wilhelm Poulson, who died April 23, 1894, and the defendant Stanley is the administrator of his estate. The plaintiff claims title to the land in question by virtue of a conveyance alleged to have been made to her by her husband. The instrument was never recorded, and she was unable to produce it at the trial, claiming that it had been abstracted from her desk and destroyed. Testimony was given that a conveyance to the plaintiff of the property in question had been signed and acknowledged by her husband, and that such a conveyance had been in her possession subsequent to the time it purported to have been made. For the purpose of proving its delivery to her, the plaintiff was asked whether she had ever received a deed of the property from her husband. The defendants objected to this question upon the ground that under section 1880 of the Code of Civil Procedure, the plaintiff is incompetent to testify as to any fact occurring be-

fore the death of her husband—this being an action by her
against his administrator upon a claim against his estate. The
court overruled the objection, and the defendants excepted
thereto.

The provision of section 1880 relied on by the appellant is
as follows: "The following persons cannot be witnesses: 3. Par-
ties or assignors of parties to an action or proceeding, or per-
sons in whose behalf an action or proceeding is prosecuted,
against an executor or administrator upon a claim or demand
against the estate of a deceased person as to any matter of fact
occurring before the death of such deceased person."

Whether a person shall be competent as a witness upon the
trial of a question of fact, either by virtue of the relation he
bears to the opposite party, or his interest in the cause of action,
and the degree of interest in the cause which will disqualify him
as a witness, are questions of legislative policy, and the function
of courts in reference thereto is to apply the rules prescribed
by the legislature.  Formerly a party to an action was not per-
mitted to be a witness as to any fact in issue therein, and such
was the law in this state under the procedure act first enacted.
The strictness of this rule was gradually modified until the
adoption of the codes in 1872.  The history of these changes
prior to 1864 is given in *Davis v. Davis*, 26 Cal. 23, 36; 85 Am.
Dec. 157.  In 1870 (Stats. 1869-70, p. 662) the legislature re-
pealed section 393 of the practice act, under which this decision
was made, and thereafter a witness was not incompetent by rea-
son of the relation which he bore to the cause of action, or to the
adverse party, except in the case of certain confidential relations.
In the codes, as originally enacted, section 1880 of the Code of
Civil Procedure, preserved the same rule, but in 1874 this section
was amended by adding thereto subdivision 3, including as per-
sons who were incompetent as witnesses, the following: "Parties
to an action or proceeding, or in whose behalf an action or
proceeding is prosecuted, against an executor or an administrator,
upon a claim or demand against the estate of the deceased";
and in 1880 this subdivision was still further amended by in-
cluding the assignors of such parties, and limiting the incom-
petency to matters of fact occurring before the death of the de-
ceased person.

Under section 1879, of the Code of Civil Procedure, all persons are competent as witnesses except those enumerated in sections 1880 and 1881, and, before a person can be held incompetent or his testimony excluded, it must appear that he, or the matter upon which he is to be examined, is within the provisions of the exceptions. The exception in subdivision 3 of section 1880 requires not only that the witness be a party to the action, and that the action be against the administrator of a decedent, but it must also appear that the action is upon a claim or demand against the estate of the decedent, and that the testimony sought from the witness is as to a matter of fact occurring before the death of the decedent. Unless all of the conditions exist the witness cannot be held incompetent. In *Booth v. Pendola,* 88 Cal. 36, it was held that the exception did not apply in an action for the foreclosure of a mechanic's lien; that as no personal judgment could be recovered in the action against the estate payable in due course of administration, it was not a "claim" within the meaning of subdivision 3 of the section. There is no difference in principle between an action to establish a lien upon property belonging to the estate and an action to declare that the estate has no interest in the property. In *Myers v. Reinslein,* 67 Cal. 89, it was held that this provision of the statute did not render the plaintiff incompetent in an action to establish a resulting trust in certain property held by the estate. The court, therefore, did not err in permitting the witness to give the testimony.

The provision of subdivision 1 of section 1881 is not applicable. The delivery of a deed is not a "communication" within the meaning of that section.

Whether the conduct and acts of the plaintiff after the time when she claimed to have received the deed were such as to authorize the inference that it had not been delivered to her, was a question to be determined by the trial court upon the evidence before it, and is not open here for review. Neither can we review the finding of the court that the deed was not made with intent to hinder, delay or defraud any creditor of the grantor. Such fraudulent intent is by the statute made a question of fact, and under section 3442 of the Civil Code, as the section stood at the time of the transaction, the transfer could not be adjudged fraudulent solely on the ground that it was not made for a valu-

able consideration. (See, also, *Emmons v. Barton,* 109 Cal. 662.) The judgment and order are affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.