## FRANK v. CHATFIELD.

### S. F. No. 1440; March 13, 1900.

#### 60 Pac. 525.

**Real Actions—New Trial.**—Where, in an Action to recover land held by defendant under a contract of purchase, he did not question the finding that he had failed to perform conditions, for breach of which the contract was to be void, and which were of the essence of the contract, on a motion for a new trial such motion was properly denied.

**Real Actions.**—Though the Pleadings and Findings of a trial court do not support a judgment for rent of demanded premises, such question cannot be raised on an appeal from its order denying a new trial.

APPEAL from Superior Court, Santa Clara County.

Action by Jane Margaret Frank against Thomas F. Chatfield for the recovery of land. Judgment for plaintiff. From an order denying a new trial defendant appeals. Affirmed.

J. H. Campbell for appellant; Henry H. Davis for respondent.

BRITT, C.—On June 4, 1895, the persons now parties to this action entered into a contract in writing whereby plaintiff agreed to sell, and defendant agreed to buy, certain land in Santa Clara county. By the terms of the contract, credit was allowed for the greater part of the purchase price until September 15, 1897; but it was provided that defendant should have immediate possession of the land, and pay plaintiff, as rental for the same, the sum of $600 per annum pending completion of the purchase—the second annual installment of rent to be payable on September 4, 1896. It was further stipulated that time was of the essence of the contract, and that if defendant should fail to make the payments provided for when due, or within thirty days thereafter, then plaintiff might retake possession of the premises, and the contract should be void. Defendant was let into possession of the land as agreed. On October 31, 1896, plaintiff commenced this action to oust him therefrom. She demanded,

also, judgment for the value of the use and occupation of the premises at the rate of $1,000 per year after June 4, 1896. In his answer defendant pleaded said contract with plaintiff, and averred that he entered under its terms, and that he has performed all the conditions thereof on his part to be performed. At the trial there was evidence tending to show that the sum of $600 which fell due for rent on September 4, 1896, has not been paid, and the court so found. Other findings were made, and the court rendered judgment that plaintiff recover possession of the land, and also recover the sum of $600 ''found due as the annual rental of the premises . . . . for the year commencing June 4, 1896.'' The appeal is taken from an order denying defendant's motion for new trial.

As concerns the decision touching possession of the land, no plausible reason for reversing the order has been suggested to us. The effect of the answer is to admit that plaintiff is entitled to re-enter if defendant has not complied with the conditions of the contract on which his right to possession depended. The court found that he did not comply with his agreement to pay rent for the second year, and the sufficiency of the evidence to support the finding is not questioned in argument. An effort is made to show that the pleadings and the findings do not support the judgment, and it is very doubtful whether they do sustain that part of the same allowing the recovery of $600 for rent of the demanded premises. The record is confused to a degree. But defendant has not appealed from the judgment, and questions whether it regularly follows the pleadings or the findings cannot be raised on an appeal merely from the order denying a new trial: Riverside Water Co. v. Gage, 108 Cal. 240, 41 Pac. 299; Wheeler v. Bolton, 92 Cal. 159, 28 Pac. 558; Brison v. Brison, 90 Cal. 323, 27 Pac. 186. The order appealed from should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.