[Civ. No. 5794. Second Appellate District, Division One.—April 27, 1928.]

J. A. BOOMER et al., Respondents, v. SOUTHERN CALI-FORNIA EDISON COMPANY (a Corporation), Appellant.

Roy V. Reppy and E. W. Cunningham for Appellant.

James L. Allen and James L. Davis for Respondents.

HAHN, J., *pro tem.*—The case before us for review is one wherein plaintiffs were awarded a judgment for $2,500 as damages suffered through the loss by fire of their house.

The complaint briefly alleges that plaintiffs were owners jointly of a dwelling-house to which the defendant, without any right, license or permission so to do, attached its high-powered electric wires, and that by reason thereof plaintiffs' house was totally destroyed by fire on March 9, 1921; that said fire was caused by the electric wires so attached to plaintiffs' house and by reason thereof plaintiffs suffered damages, etc.

The answer in brief and concise form denies each and all of the allegations of the complaint.

Defendant and appellant in urging a reversal of the judgment makes two contentions:

First. That the complaint is based on trespass and not on negligence, while the findings fail to find on the issue of trespass, but do find on an issue of negligence, which is nowhere raised in the pleadings.

Second. Even if the pleadings could be interpreted as raising an issue of negligence, the evidence in the record is insufficient to support the finding of negligence.

We have this day filed an opinion in the case of *J. A. Boomer et al.* v. *Southern California Edison Co.*, being Civil No. 5330, *ante*, p. 375 [267 Pac. 178], which case arose out of the same fire that caused the loss which is the subject of controversy in this action. The evidence presented in that case relating to matters bearing on defendant's responsibility for

the fire, and the question as to its right to attach its wires to plaintiffs' house was substantially the same as that present in the instant case. For the sake of brevity, we refer to that opinion for a detailed statement of facts and circumstances bearing upon the origin of the fire and make only such reference to the evidence as may seem necessary in considering the points here involved.

It appears that on January 25, 1924, defendant, a public utility corporation engaged in the business of distributing electric energy for lighting purposes, ran two service wires from its feed line along the alley bordering on plaintiffs' property to the northeast corner of plaintiffs' house, where the wires were attached to the ends of the rafters by porcelain spools. From this point the wires were continued up under the eaves and attached to porcelain spools fastened to a false beam, from which point they were carried to a neighboring house, distant about twenty feet from plaintiffs' home. The wires were intended to serve both houses with electric energy. It was and is plaintiffs' contention that defendant had attached these wires to their house without any permission being granted therefor, and that as a result plaintiffs' house was set on fire by these wires and destroyed. Two of the plaintiffs testified that they had not given such permission, but it appears uncontradicted that J. A. Boomer, the third plaintiff, signed a written order or request dated January 21, 1924, to the defendant to connect their house with its electric system. By reason of the failure of the plaintiff to furnish the necessary meter box, defendant, although ready so to do, was not furnishing electric current to plaintiffs' house at the time of the fire, but the neighbor's house was connected up and being served with electricity for some time prior thereto.

There was no direct evidence presented in the case as to how the fire started. Respondents urge that there were sufficient facts presented in the testimony to justify the inference evidently drawn by the court that the fire was started by the two service wires attached to the northeast corner of plaintiffs' house.

The complaint clearly is one for damages based on trespass. The essential allegations to support such an action are therein alleged, and nothing more. Defendant is charged with having "without any right, license or permission" gone

upon plaintiffs' property and attached its wires to plaintiffs' house, and it is claimed as a result of this trespass plaintiffs' house was destroyed by fire which was caused by the electric wires.

There is no direct allegation in the complaint charging the defendant with negligence, either in making the connection of its wires with plaintiffs' house, or in maintaining its wires. It is true that it has been held that it is not necessary to aver that the acts complained of were negligently performed where the facts alleged "themselves necessarily exclude any hypothesis other than that of negligence." (*Silveira* v. *Iverson,* 125 Cal. 266 [57 Pac. 996].) It has also been held in order that a complaint shall sufficiently allege a cause of action based upon negligence that "it should appear in what respect the defendant was negligent and that such negligence had a causal connection with plaintiffs' injury." (*Simons* v. *Pacific Gas & Electric Co.,* 64 Cal. App. 74 [220 Pac. 425].) The acts of the defendant complained of and described in the complaint do not "exclude any hypothesis other than that of negligence." In fact, it is only by a stretch of the imagination that plaintiffs' complaint can be interpreted to mean that the pleader intended to rest his case upon proof of negligence. The only reasonable interpretation that can be put on the complaint is that the plaintiffs haled the defendant into court to answer to the charge that it had wrongfully trespassed upon their property with its wires, and this resulted in the burning of the house. The complaint clearly and concisely states a cause of action for trespass, and, moreover, the evidence in the record clearly shows that the plaintiffs offered evidence only for the purpose of supporting the charge of trespass, that the fire was started from the electric wires and the amount of damage suffered. No attempt was made in plaintiffs' case in chief to prove either that the wires in question were negligently strung or attached to plaintiffs' house, or that thereafter they were negligently maintained. In meeting these issues it is true that the evidence of the defendant in some respects would support a contention that the defendant had strung and had maintained the wires in a good, workmanlike manner, and that there was no negligence on its part in either the material that was furnished or the manner in which the work was done, or the wires maintained,

but the evidence none the less went directly to the issue as to whether or not the fire was started from the wires.

We have examined the case cited by respondents in their brief as supporting their contention that the complaint sufficiently raises the issue of negligence, but we do not read these cases as supporting appellant's view. They deal with pleadings that were defective, but none the less susceptible to the conclusion that the pleader was attempting to allege but one cause of action, and that was one based on negligence. The complaint in the instant case is not to be measured by the rule applied in those cited.

Respondents contend further that, even if their complaint does not sufficiently raise the issue of negligence, the case was in fact tried on the theory that the negligence of the defendant in attaching its wires to plaintiffs' house and thereafter maintaining them there was involved, and that appellant will not be heard at this time to raise the question that the issue of negligence was not before the court. Appellant asserts that neither the plaintiffs nor the defendant presented evidence to meet the issue of negligence, but that all of the evidence offered went directly to the issues raised in the complaint, namely, that defendant was a trespasser, and that the fire which destroyed the house was caused by defendant's wires.

While it is true that some of the evidence would have been pertinent to an issue of negligence, it is equally true that all of the evidence related directly to the question of trespass and the cause of the fire. The fact that evidence material to an issue may tend to support some matter not involved does not justify the court in declaring upon such foreign matter is clearly decided in the following language used in the case of *Riverside Water Co.* v. *Gage,* 108 Cal. 240 [41 Pac. 299] : "It is frequently the case that evidence which is admissible to establish one issue may tend to establish another issue than that for which it is offered, and it is a rule that evidence so introduced is available to establish any of the issues in the case. This rule is, however, limited to the issues which are to be tried. If the other issue that the evidence may tend to establish is not before the court the evidence must be limited to the actual issue. The fact of its introduction cannot be used to establish an issue that the parties have not made their pleadings. The court would not

be authorized to consider it as establishing an issue that was not before it for trial. Even a finding upon such evidence would be disregarded in determining the correctness of the judgment.''

The court, in the case of *Crescent Lumber Co.* v. *Larson*, 166 Cal. 168 [135 Pac. 502], considering the same question, declares the rule in the following language: ''All of the evidence on this point was relevant to the issue of payment, which was in the case, and its introduction cannot, therefore, be regarded as authorizing the determination of some other issue not presented by the pleadings.''

But even if we were to assume that there is merit in respondents' contention, that the case was tried on the theory that the issue of negligence was involved, it would be unavailing to respondents here, for the reason that in our opinion the evidence that would be material to the issue of negligence is insufficient to support the court's finding, ''that said fire was caused by reason of said wires being defectively and carelessly attached to, and defectively and negligently maintained on plaintiffs' said house by defendant, which defect and negligence was unknown to plaintiffs prior to said fire.'' As stated in our opinion in the appeal of *Boomer* v. *Southern California Edison Co.*, Civil No. 5330, hereinabove referred to, there was no direct evidence that the wires in question did start the fire. At most, it was only an inference which might be drawn from certain facts observed. The effect of this inference, however, was overcome by the expert testimony in the case that under the conditions existing just prior to and at the time of the fire, as testified to by witnesses at the trial of the case, the fire could not have been started from the electric wires. This question is so fully discussed in case Civil No. 5330 that, for brevity's sake, we refer to that opinion for our extended views on the subject.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.