[Civ. No. 10169. Second Appellate District, Division Two.—April 21, 1936.]

In the Matter of the Petition of SIDNEY A. HILL to Terminate Joint Tenancy. MAUDE S. HILL, as Executrix, etc., Respondent, v. ELSIE ELLIOTT JACOBS, as Executrix, etc., Appellant.

Bicksler, Parke & Catlin, G. Everett Miller and Solomon Rosenbaum for Appellant.

Marshall Stimson and Noel Edwards for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of respondent predicated upon the trial court's granting respondent's amended petition to terminate a joint tenancy to certain real property situated in the county of Los Angeles, state of California.

Viewing the evidence most favorable to respondent (*Ah Gett* v. *Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant case are:

Respondent's testator, Sidney A. Hill, and appellant's testatrix, Hattie F. Hill, were husband and wife. There was deeded to Mrs. Hill as her separate property a certain parcel of real estate located in the county of Los Angeles, state of California, herein designated as the Golden Avenue property. Thereafter when the wording of this deed was called to her attention, she expressed surprise, stating she understood the property was held in joint tenancy. Subsequently Mrs. Hill suffered a paralytic stroke. September 3, 1930, while in the hospital, she executed and delivered to Mr. Hill a deed to the Golden Avenue property in which they were named as joint tenants. At this time she was of sound mind and not operating under undue influence. Mrs. Hill died September 7, 1930. On January 31, 1931, Mr. Hill filed an amended petition to terminate the joint tenancy to the Golden Avenue property theretofore existing between himself and his wife. An answer and objections to the granting of the prayer of the amended petition were filed by Mrs. Hill's executrix. Shortly thereafter Mr. Hill died and his executrix was sub-

stituted in his place and stead as petitioner in the amended petition to terminate the joint tenancy.

Appellant relies for reversal of the judgment on these propositions.

*First: The evidence was insufficient to support the findings of fact.*

*Second: A confidential relationship existing between a grantor and grantee, the presumption of undue influence can only be overcome by evidence that the grantor had independent advice.*

*Third: The trial court committed prejudicial error in (a) sustaining respondent's objection to the introduction in evidence of a prior will of Mrs. Hill's, (b) sustaining respondent's objection to the following question asked a trained nurse who had attended Mrs. Hill while she was in the hospital: "Miss Wall, do you consider that Mrs. Hattie F. Ladwig Hill, on September 3, 1930, or at any time that she was in the hospital under your observation, was she capable of reasoning upon a business proposition?" (c) receiving in evidence certain testimony from the deposition of Mr. Hill relating to an occurrence at the time of the execution of the joint tenancy deed over appellant's objection that such evidence was inadmissible under section 1880, subsection 3, of the Code of Civil Procedure. The evidence was this: "Q. And then what happened? A. She nodded her head and said that was all right; and the doctor says to her, 'You understand, Mrs. Hill, everything in that question?' She says, 'Yes,' and she nodded her head, looked right at him and tried to swing her head—he was on one side, and he asked if it was all satisfactory, and she nodded her head, 'Yes, sir,' and was pleased afterwards."*

As to appellant's first proposition, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgment in favor of respondent was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt*, 164 Cal. 242, 245 [128 Pac. 399]; *Thatch* v. *Livingston, ante,* p. 202 [56 Pac. (2d) 549].)

■ Appellant's second claim is untenable. Where a confidential relationship is shown to have existed between a grantor and grantee, proof of independent advice is not indispensable to negative the presumption of undue influence. (*Smith* v. *Lombard*, 201 Cal. 518, 524 [258 Pac. 55]; *Brown* v. *Canadian Industrial Alcohol Co.*, 209 Cal. 596, 599 [289 Pac. 613].) In *Brown* v. *Canadian Industrial Alcohol Co.*, *supra*, Mr. Justice Richards at page 599 correctly states the rule thus:

" . . . where a fiduciary relationship exists between the donor and donee, the absence of independent advice is a circumstance to be considered in determining whether the gift should be avoided because of alleged undue influence or fraud, *but its nonexistence alone does not authorize the court to avoid the gift.* All utterances to the contrary have been squarely repudiated by this court." (Italics ours.)

■ The ruling of the trial court excluding the evidence set forth in paragraph (a) of appellant's third proposition was correct. The prior will of Mrs. Hill was offered for the purpose of impeaching testimony of a witness to the effect that Mrs. Hill had previously stated that the Golden Avenue property was intended by her to be held in joint tenancy. The offered evidence was not a prior statement of the witness and therefore had no probative value as tending to impeach his testimony.

■ The ruling sustaining the objection to the question set forth in paragraph (b) of appellant's third proposition was accurate. It is well settled that an intimate acquaintance is permitted to testify and give an opinion upon the question of *sanity* or *insanity* of a person, when such question is one of the issues in the case, but on other matters such acquaintance's opinion evidence is inadmissible. (*Estate of Martin*, 170 Cal. 657, 668 [151 Pac. 138].) In *Estate of Martin*, *supra*, our Supreme Court held that it was error to permit an intimate acquaintance to answer a question almost identical with the one asked in the instant case.

■ The testimony set forth in paragraph (c) of appellant's third proposition was properly received in evidence. Section 1880, subsection 3, of the Code of Civil Procedure excludes only the testimony of a claimant in an action upon a claim against the estate of a decedent and is inapplicable where the action is, as in the case before us, in the nature of

one to quiet title to land. (*Poulson* v. *Stanley*, 122 Cal. 655, 658 [55 Pac. 605, 68 Am. St. Rep. 73] ; *Monnette* v. *Title Ins. etc. Co.*, 107 Cal. App. 313, 319 [290 Pac. 668] ; 11A Cal. Jur. 893, sec. 634.)

An examination of the record discloses that the learned trial judge's rulings were entirely accurate and correct.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.