[Civ. No. 7234.   Third Dist.   Aug. 17, 1946.]

H. MUNFREY, Appellant, v. LESLIE A. CLEARY et al., Respondents.

Hadsell, Sweet & Ingalls for Appellant.

Gumpert & Mazzera for Respondents.

ADAMS, P. J.—Appellant in his first amended complaint upon which the issues in this case were tried alleged that he was the owner of certain real property in Placer County, described as Lots 75 and 76 in Lakeside Tract; that on or about April 30, 1942, at the request of defendant Leslie A. Cleary, who was then and there the attorney for plaintiff, and to whom plaintiff was indebted in a then unknown amount, plaintiff executed and delivered to said defendant a deed to said lots 75 and 76, a copy of which deed was annexed to and made a part of the complaint; that plaintiff did not read said deed and did not know that defendant Margie W. Cleary was a grantee therein, and relied upon the representations of defendant Leslie A. Cleary as to the nature and effect thereof; that defendant stated to plaintiff and plaintiff

understood and believed that said deed was absolute in form and was intended to and did secure said defendant for the future payment by plaintiff of whatever fees for legal services were due by plaintiff to said defendant; that plaintiff was then unable to pay said fees and was willing to give such security; that at the commencement of this action plaintiff had not read or seen said deed, and did not know the contents thereof and only learned after the commencement of the action that the deed ran also to Margie W. Cleary and only reserved in plaintiff a life estate in said property; that said land at the time of the execution of the deed had and now has a reasonable market value in excess of $10,000; that the services rendered by Leslie A. Cleary to plaintiff were rendered in the estate of Mary Ann Munfrey, then pending in the Superior Court of Stanislaus County; that plaintiff at no time was indebted to Margie J. Cleary; that on information and belief, the reasonable value of the legal services rendered by Leslie A. Cleary was less than $1,000; that defendants assert that the deed was not delivered as security and refuse to fix the amount of any fees and refuse to reconvey the property. Judgment was prayed that the amount of attorney's fees due from plaintiff to Leslie A. Cleary be fixed, that said deed be declared a mortgage, that plaintiff be allowed to redeem said property from said mortgage, that defendants be directed to reconvey same to plaintiff, and that plaintiff's title be quieted as against defendants. The deed attached to the complaint is dated April 30, 1942, and recites that in consideration of the love and affection that the party of the first part bears for the parties of the second part and for other good and valuable considerations, the party of the first part does grant, bargain and sell unto the parties of the second part, all the right, title and interest that the party of the first part has or may hereafter acquire in Lots 75 and 76 of the Lakeside Tract, etc., "reserving, however, to the party of the first part a life estate in said property, this deed being intended to convey to the parties of the second part the remainder over after the death of the party of the first part."

In answer to the amended complaint the defendants admitted the execution of the deed, that Leslie A. Cleary rendered services to plaintiff in the estate of Mary Ann Munfrey and that said services had been completed, but denied the allegations not admitted.

A jury trial having been waived the court heard said cause, and at the conclusion of the trial made findings in favor of defendants, finding in substance, that none of the allegations of plaintiff's complaint, except those which were admitted by defendants, was true. It further found that the deed was *freely and voluntarily executed and delivered by plaintiff* to defendants for a good and valuable consideration and with full knowledge on his part of its contents and legal effect; and that it was not true that the deed was executed, given or accepted as a mortgage, or as security for any debt or obligation, but that, on the contrary, said deed was executed and delivered by plaintiff to defendants for the purpose and with the intent of conveying to defendants absolute title to the property, subject only to the life estate in favor of plaintiff.

On this appeal plaintiff states that he founds his case upon two propositions: "First. That plaintiff conveyed this property to defendants at the request of defendant Leslie A. Cleary as security for payment of attorney's fees which Cleary had earned and had still to earn in representing plaintiff in respect of certain questions arising in the estate of plaintiff's deceased wife, Mary Ann Munfrey. Second. That plaintiff conveyed this property to defendants at a time when the defendant Leslie A. Cleary, was actively working as plaintiff's attorney in respect of certain questions arising in the estate of plaintiff's deceased wife, Mary Ann Munfrey, that this very property was involved in that work, that plaintiff's conveyance of the property was made under such circumstances in the relation of client and counsel that plaintiff is entitled to recover it, that the defendant Leslie A. Cleary earned fees in such work which plaintiff should pay, that such fees (not yet determined) should be fixed, and that on their payment the plaintiff should recover the property."

Regarding the first of these propositions appellant says that as the evidence is in conflict and the trial court found against him, he does not rely on same, but relies solely upon the second. Respondents answer appellant's contention by stating that this second proposition is not an issue in the case, that it is not within the pleadings, and was not the theory upon which the case was tried; and that an appellant may not be permitted to try his case upon one theory and then, on appeal, change his position and adopt a different one.

Appellant's theory apparently is that the evidence shows that at the time the deed was executed Mr. Cleary was acting

as plaintiff's attorney in matters involving the property conveyed by the deed, that Mr. Cleary prepared the deed, and that he benefited thereby, and that it does not appear that plaintiff had independent advice, and that it follows therefrom that the deed must be set aside and the property reconveyed to plaintiff. He asserts that dealings between an attorney and client for the benefit of the former are presumptively invalid on the ground of constructive fraud. (Citing *Estate of Witt*, 198 Cal. 407, 419 [245 P. 197]; *Carlson* v. *Lantz*, 208 Cal. 134, 138 [280 P. 531].) He also cites section 2224 of the Civil Code, which provides that one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it, and section 2235 of that code which provides that all transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration, and under undue influence. He also states that "once an attorney has been employed by a client, he cannot enter into a valid business transaction with his client *in respect of the very subject matter which is involved in his employment* unless the client obtains and relies upon independent advice on whether or not the proposed transaction properly guards or takes care of the interests of the client." And he says that the main error committed by the trial court in disposing of this controversy was the refusal to accept and apply the rule from the cases which he cites.

Appellant does not point out any ruling of the court which presents an error of law, nor does he contend that the trial court failed to find on any issue presented by the pleadings, nor contend that the evidence does not support the findings, or the findings support the judgment. There was no motion to amend the findings, and no motion for a new trial, and there is no request that this court make findings. (See Rules on Appeal, rule 23 (a).) Appellant says in his opening brief that we should reverse the judgment because the trial court failed to make a finding that plaintiff did not have any independent advice (though the record fails to show that the trial court was requested to make such a finding); and in his

closing brief asserts that the question which he has "made the issue on this appeal should be decided here and now," and further litigation averted. It is therefore not quite clear to us what appellant thinks this court should or can do in the premises. He apparently assumes that since the evidence shows that Mr. Cleary was acting as his attorney at the time that the deed was executed and that as it does not show that appellant had independent advice, it must follow, as matter of law, that, regardless of the form of the pleadings and the findings of the trial court, this court should hold that defendants must reconvey the property to him. We cannot agree with this conclusion.

While it is true that dealings between an attorney and his client for the benefit of the attorney are *presumptively* invalid, such presumption is not conclusive; and whether or not appellant in this case, in executing and delivering the deed in controversy, was acting under the undue influence of his attorney presents a question of fact that should be determined by a trial court under proper pleadings which present that issue and thus permit the opposing litigant to meet same and the trial court to pass upon it. The amended complaint in this action does not present any such issue. It was obviously designed to present but the one issue, that the deed was intended as a mortgage; and the case was tried upon that theory. The record shows that at the commencement of the trial appellant's counsel stated to the court:

"And the purpose of this action, then, is to establish the fact that this deed was intended simply as security, to have the Court fix the reasonable fee of Mr. Cleary for his services on behalf of Captain Munfrey in this proceeding in his wife's estate, to have the court give us leave to redeem the property and pay off Mr. Cleary and get the deed absolute from Mr. Cleary to Plaintiff Captain Munfrey for the property. There are other allegations here, but that is the whole purport of the case, if the Court please."

As a general rule an issue not presented by the pleadings cannot be considered upon appeal. (*Martin* v. *Diaz*, 124 Cal.App. 200, 205 [12 P.2d 57]; *Conway* v. *Citrus Belt Land Co.*, 94 Cal.App. 533, 542 [271 P. 525]; *Blanc* v. *Connor*, 167 Cal. 719, 726-727 [141 P. 217]; *Riverside Water Co.* v. *Gage*, 108 Cal. 240, 245 [41 P. 299]; *Boomer* v. *Southern Cal. Edison Co.*, 91 Cal.App. 382, 386 [267 P. 181]; *Crescent Lumber Co.* v. *Larson*, 166 Cal. 168, 171 [135 P. 502].)

██ Also where fraud or undue influence, or that a party has suffered injury through the abuse of confidence by another is relied upon by a party, he must plead accordingly. (*Donze v. Donze,* 88 Cal.App. 769, 774-776 [264 P. 294]; *Estate of Mallory,* 99 Cal.App. 96, 103-104 [278 P. 488]; *Estate of Roberts,* 49 Cal.App.2d 71, 81 [120 P.2d 933]; *Estate of Yoell,* 164 Cal. 540, 546 [129 P. 999]; *Conneally v. San Francisco Sav. & Loan Soc.,* 70 Cal.App. 180, 183 [232 P. 755]; *Davies v. Symmes,* 49 Cal.App.2d 433, 446 [122 P.2d 102]; *Strong v. Strong,* 22 Cal.2d 540, 545-546 [140 P.2d 386]; *Tanforan v. Tanforan,* 173 Cal. 270, 275-276 [159 P. 709]; 12 Cal.Jur. § 62, pp. 800-802.)

██ Also as a general rule where a case has been tried upon one theory that theory must be adhered to on appeal, and a party who has tried his case wholly or in part on a certain theory, which theory was acted upon by the trial court, cannot, on appeal, change his position and adopt a different theory, since to do so would be unfair to the trial court and to opposing counsel. (*Blanc v. Connor, supra; Marra v. Aetna Construction Co.,* 15 Cal.2d 375, 379 [101 P.2d 490]; *Mathews v. Pacific Mutual Life Ins. Co.,* 47 Cal.App.2d 424, 428 [118 P.2d 10]; *Ernst v. Searle,* 218 Cal. 233, 240-241 [22 P.2d 715]; 2 Cal.Jur. 237; 4 C.J.S. 471; 5 C.J.S. 175.)

██ But even if we were to assume, as appellant contends, that the allegations of the complaint are sufficient, and that the evidence shows that the relationship of attorney and client existed at the time the deed was executed and that appellant did not have independent advice, such facts do not establish conclusively that appellant was acting under undue influence of his attorney. The presumption which arises under such circumstances, though it casts upon the attorney the burden of overcoming it by clear and satisfactory evidence, is disputable; and the fact that the client may not have had independent advice is but a circumstance. (See *Brown v. Canadian Ind. Alcohol Co.,* 209 Cal. 596, 599 [289 P. 613]; *Burnham v. Witt,* 217 Cal. 397, 398 [18 P.2d 949]; *Macaulay v. Booth,* 53 Cal.App.2d 757, 760 [128 P.2d 386]; *In re Hill,* 13 Cal.App.2d 326, 328-329 [57 P.2d 155]; *Luiz v. Queen of Angels Hospital,* 53 Cal.App.2d 310, 313 [127 P.2d 966]; *Donze v. Donze, supra.*) Also, in the case of a written instrument there are countervailing presumptions. (See *Donovan v. Security-First Nat. Bank,* 67 Cal.App.2d 845, 853

[155 P.2d 856] ; *Dimond* v. *Sanderson,* 103 Cal. 97, 101-102 [37 P. 189] ; *Estate of Roberts, supra.)*

█ Therefore it cannot be said, as matter of law, that because it appears that Mr. Cleary was appellant's attorney, and appellant testified that he did not seek or have independent advice the conveyance must be set aside. Appellant's allegation in his complaint that he was willing to give the deed "as security" is inconsistent with his present contention that the deed was secured by undue influence upon the part of his attorney; and the trial court found that it was freely and voluntarily executed and delivered by plaintiff for a good and valuable consideration, with full knowledge on his part of its contents and legal effect, and with the intent of conveying to defendants absolute title to the property, subject only to the life estate in favor of plaintiff. It also found that it was not true that appellant relied entirely or at all upon the representations of defendant Leslie Cleary as to the nature and effect of the deed.

As above stated appellant does not contend that the evidence does not sustain the findings, and there is ample evidence to support them, and to support a conclusion that no advantage was taken of plaintiff by defendants or either of them. It shows that appellant was fully informed as to all matters relating to the transaction, that he knew the contents of the deed when he executed it, and did exactly what he himself had proposed and wanted to do at the time the deed was executed, that is, provide that the property should belong to "his kids"—as he called defendants—after his death. The testimony shows that plaintiff and defendants were very warm friends, that they visited in one another's homes, both before and after the death of Mary Ann Munfrey, that plaintiff lived in defendants' home after the death of his wife, carried a key to their house, and when away wrote to both of defendants in most affectionate terms; and that it was only after he remarried, some eight months after the execution of the deed, that he changed his mind and requested a reconveyance of the property.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.