ALONZO A. HOPKINS, App't. *vs.* MARY M. WHEELER, Ex'x.

PROVIDENCE—FEBRUARY 7, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Wills. Execution.*

An attesting witness to a will signed it at a table in one room while the testatrix was in bed in an adjoining room, the table being directly in front of the door so that the testatrix could have seen the witness sign if she had looked, and the witness could also have seen the testatrix :—
*Held,* that this was a signing in the presence of the testatrix within legal contemplation, and that the due execution of the will was established.

(2) *Wills. Evidence.*

Upon an issue as to the mental capacity of a testatrix, while non-expert witnesses may testify to facts which they have observed bearing on the mental condition of the testatrix, and then give their opinions as to her mental condition derived from those facts, they cannot testify as to whether the testatrix was in a condition to make a will, the question calling for the opinion of the witness as to the degree of mental capacity required by law for the making of a will.

(3) *New Trial. Noting Exceptions.*

Questions of law not properly brought upon the record by exceptions will not be considered in a petition for a new trial.

PROBATE APPEAL. The facts are stated in the opinion. Heard on petition of appellant for a new trial. New trial denied.

(1)    PER CURIAM. We think the testimony of the surviving subscribing witness shows the due execution of the will. The point claimed by the appellant is that she did not sign it in the presence of the testatrix, but the testimony shows that though the will was signed at the table in the parlor by the witness while the testatrix was in bed in an adjoining room, the table was directly in front of the door, so that the testatrix could have seen the witness sign if she had looked, and the witness could also have seen the testatrix. This was a signing, in legal contemplation, in the presence of the testatrix.

(2)    The appellant, during the trial, asked a witness who was

not an expert on the subject of mental capacity, whether the testatrix was in a condition to make a will. The question was objected to and the objection sustained. The appellant excepted to the ruling excluding the question. The question was clearly inadmissible in that it called for the opinion of the witness as to the degree of mental capacity required by law for the making of a will. The opinions which were allowed to be given by the witnesses other than the attesting witnesses were based on facts within the knowledge of the witnesses to which they had previously testified, and were simply the conclusions of the witnesses on such facts. The uniform practice in this court has been to permit non-expert witnesses to testify to facts which they had observed bearing on the mental condition of the testator, and then to give their opinions as to his mental condition derived from those facts.

(3)    The necessity for considering the question raised by the appellant as to the competency of a legatee under a will to testify as to its execution does not exist, for even if the question were properly before us, as it is not, no exception having been taken as to the competency of the testimony, the due execution of the will is shown by the testimony of the survivor of the attesting witnesses.

New trial denied, and case remitted to the Common Pleas Division for further proceedings.

*Franklin P. Owen*, for appellant.

*Dexter B. Potter*, for appellee.