Rockingham, }
Dec. 6, 1904. }

## HEALEY, *Ex'x*, v. BARTLETT, *Guardian*, *Ap't*.

Where a testator is deprived of the use of some of his faculties by mere physical infirmity, his will is attested in his presence if he is conscious of the presence of the witnesses, understands what they are doing when they sign their names, and could, but for his disability, readily see and hear them if so disposed.

Upon the question whether a testator could readily see and hear the attesting witnesses to his will, evidence of subsequent experiments under similar conditions is relevant.

Experimental evidence which is relevant to the issue is admissible only when its tendency is to aid, and not to confuse, the jury ; and whether it has such tendency is a question of fact.

PROBATE APPEAL, from a decree allowing the will of the plaintiff's testator. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1904, of the superior court by *Pike*, J.

The testator's sight and hearing were normal and his mind was clear when he executed the will, but he was confined to his bed by a broken leg and exhibited symptoms of lockjaw. After the will was signed by the testator, the witnesses took it to a table in a room across the hall from his chamber and affixed their signatures. The doors between the rooms were open, but the evidence as to the exact location of the bed and table, and as to whether or not the testator, without getting off the bed, could have seen the witnesses when they signed, was conflicting. After the witnesses had signed, two of them returned with the will to the testator's

bedside and informed him of the fact, to which he replied that it was all right; and one of the witnesses held the will in front of the testator for two or three minutes, to enable him to examine it, and called his attention to the signatures.

Several witnesses, who had testified as to the location of the bed and table, were permitted to testify that a few days before the trial they put the bed and table where they were when the will was made and placed themselves in the positions occupied by the testator and the witnesses to the will at that time, and to state what they could see and hear from those positions. The only question submitted to the jury was whether the will was attested in the presence of the testator. On this point the court instructed the jury, in substance, that it was so attested if the testator understood and was conscious of what the witnesses were doing when they signed the will, and could, if it had not been for his physical infirmities, readily have changed his position on the bed so that he could have seen and heard what they were doing when they wrote their names, if he had been so disposed. The defendant excepted to this instruction and to the admission of the evidence of the experiment.

*Page & Bartlett* and *John S. H. Frink*, for the plaintiff.

*John T. Bartlett* and *John Kivel*, for the defendant.

YOUNG, J. When a testator is not prevented by physical infirmities from seeing and hearing what goes on around him, it is the general, if not the universal, rule, that his will is attested in his presence if he understands and is conscious of what the witnesses are doing when they write their names, and can, if he is so disposed, readily change his position so that he can see and hear what they do and say. *Casson* v. *Dade,* 1 Bro. Ch. 99; *Shires* v. *Glascock,* 2 Salk. 688; *Davy* v. *Smith,* 3 Salk. 395; *Riggs* v. *Riggs,* 135 Mass. 238; *Hopkins* v. *Wheeler,* 21 R. I. 533,—45 Atl. Rep. 551; *Cook* v. *Winchester,* 81 Mich. 581,—46 N. W. Rep. 106; *Cunningham* v. *Cunningham,* 80 Minn. 180,—81 Am. St. Rep. 256. In other words, if he has knowledge of their presence, and can, if he is so disposed, readily see them write their names, the will is attested in his presence, even if he does not see them do it and could not without some slight physical exertion. It is not necessary that he should actually see the witnesses for them to be in his presence. They are in his presence whenever they are so near him that he is conscious of where they are and of what they are doing, through any of his senses, and are where he can readily see them if he is so disposed. The test, therefore, to

determine whether the will of a person who has the use of all his faculties is attested in his presence, is to inquire whether he understood what the witnesses were doing when they affixed their names to his will, and could, if he had been so disposed, readily have seen them do it.

Unless the legislature intended to discrimate against testators. who are deprived of the use of some of their faculties by mere physical infirmities,—and there is no evidence that they did,—the same test, so far as it is applicable to persons in their situation, must be applied to determine when a will is attested in their presence. It is clear that a witness who is in the presence of a testator who can see would still be in his presence if the testator should instantly become blind. So when a testator is deprived of the use of any of his faculties by mere physical infirmities, the test to determine whether his will is attested in his presence is to inquire whether he was conscious of the presence of the witnesses and understood what they were doing when they wrote their names, and could also, if it had not been for his physical infirmities, readily have seen and heard what they were doing, if he had been so disposed. *Raymond* v. *Wagner,* 178 Mass. 315; *Maynard* v. *Vinton,* 59 Mich. 139,—60 Am. Rep. 276, 283, 284. It follows that if the testator's broken leg prevented him from readily seeing what the witnesses were doing when they attested his will, the jury were correctly instructed as to what would constitute an attestation in his presence.

If an experiment has any legitimate tendency to prove any matter in issue in the case on trial, it is relevant to that issue. But the fact that it is relevant does not make it admissible as a matter of law. To make such evidence admissible, it must appear not only that it is relevant, but also that it will have a tendency to aid, rather than confuse, the jury. Whether it has such a tendency is not a question of law, but one of fact. So the question raised by an exception to the admission of such evidence is whether it was relevant to any issue in the case—not whether it would be likely to aid or confuse the jury. *State* v. *Saidell,* 70 N. H. 174, 176; *Burg* v. *Railway,* 90 Ia. 106, 116, 119,—48 Am. St. Rep. 419, 427; *Hart* v. *State,* 15 Tex. App. 202,—49 Am. Rep. 188; *United States* v. *Ball,* 163 U. S. 662, 673. What could be readily seen and heard from the position which the testator occupied when his will was attested was in dispute, and it is clear that the evidence excepted to was relevant to that issue.

*Exceptions overruled.*

All concurred.