[Civ. No. 15165. Second Dist., Div. Two. May 1, 1946.]

EULDENE FRANCES HUGHES, Plaintiff and Appellant, v. ALOYSIUS PETER HUGHES et al., Defendants; ETHEL TONEY, Respondent; JAMES L. HUGHES, Defendant and Appellant.

[Civ. No. 15166. Second Dist., Div. Two. May 1, 1946.]

EULDENE FRANCES HUGHES, Respondent v. ALOYSIUS PETER HUGHES et al., Defendants; JAMES L. HUGHES, Appellant.

Lee Combs, Wallace B. Scales and Robert W. McIntyre for Plaintiff and Appellant in Civ. No. 15165 and Respondent in Civ. No. 15166.

M. Lewis Lehman and Maynard B. Henry for Defendant and Appellant, and for Respondent in Civ. No. 15165.

WILSON, J.—Plaintiff brought this action for divorce and for division of community property consisting of several parcels of realty and personalty. The three parcels involved in the appeals are designated as (1) the Long Beach property, (2) the Western Avenue property, and (3) the Toney property.

Plaintiff appeals (1) from the judgment · and from the amendment *nunc pro tunc* thereto; (2) from the order denying her motion to vacate the judgment and enter a new and different judgment; (3) from the order denying a new trial.

Defendant J. L. Hughes appeals from those portions of the judgment determining that plaintiff and defendant A. P. Hughes are entitled to an undivided one-fourth interest each in the Long Beach property, and that he is not the owner and entitled to the whole of said property; also from the order amending the judgment.

Plaintiff alleged in her complaint that she and her husband, A. P. Hughes, had community property including the Long Beach and Western Avenue properties, and that defendant J. L. Hughes held some of their community property in his name. Said defendant answered denying that he held any property in trust and alleging that he was the owner in fee of both of said properties and that neither of them belonged to the community.

1. *Sufficiency of the findings.* ■ The court found (1) that an undivided one-half interest in the Long Beach property was community property and (2) that J. L. Hughes did not hold title to any other property belonging to the community. The only reasonable construction of said finding is that J. L. Hughes was the owner of the Western Avenue property and the other one-half interest in the Long Beach property. Since the findings follow the language of the pleadings and were approved as to form by counsel for all parties before presentation to the trial judge for signature, plaintiff's objections to the findings have no force. Additional detailed findings would not aid her cause, since they could not be otherwise than adverse to her contentions as to the facts.

■ As conclusions of law the court declared that an undivided one-half interest in the Long Beach property should be divided equally between plaintiff and defendant A. P. Hughes and that defendant J. L. Hughes was the owner of the Western Avenue property and an undivided one-half interest in the Long Beach property free of any right, title or interest claimed by plaintiff or defendant A. P. Hughes. The judgment followed the conclusions of law. The findings with reference to the title and ownership of both of said properties were based on conflicting evidence and will not be disturbed.

■ An allegation of ownership of property is not a conclusion of law but is an averment of an ultimate fact. (*Robinson* v. *City of Glendale,* 182 Cal. 211, 214 [187 P. 741], and cases cited.) The findings as to ownership are in the same language as the pleadings and are sufficient. It is not neces-

sary to set forth in detail the evidential facts supporting a finding of ownership.

2. *The amendment to the judgment.* ■ After the entry of the judgment the court made an order amending it *nunc pro tunc* to conform to the actual judgment announced and rendered by adding a paragraph thereto relating to incumbrances on the Long Beach property. The amendment was not to correct a judicial error but to rectify a clerical omission. The judgment as entered did not accord with the original order of the court fixing the terms of the judgment, and the amendment was made in order that the record should be in conformity with the direction of the court.

3. *Alleged error in the admission of evidence.* Plaintiff assigned as error the introduction in evidence of one or more deeds which she had signed in blank and delivered to her husband and in which he thereafter inserted the names of the grantees and the descriptions of properties, asserting that said deeds did not divest her of title. ■ A deed signed in blank is ordinarily void and passes no title. ■ The evidence in this case shows that plaintiff, over a period of several years, had signed deeds in great numbers, probably hundreds of them, placing them in her husband's possession with the knowledge and understanding that he intended to and would use them in refinancing and in the sales and conveyances of community real property. At times she protested that she did not desire to sign blank deeds, but nevertheless continued the practice. She knew at all times that he filled in the blanks in the deeds when he made sales and that he frequently inserted his own name in many of them, thus making the property his separate property of record. Her course of conduct, extending through a period of several years, and the fact that she, as one of the community, received her share of such profits as were derived from real estate sales, estop her from now asserting the invalidity of the deeds and upsetting or clouding the title to hundreds of parcels of real property.

■ The fact that the transfer of the Western Avenue property was made by using one of the blank deeds which had been signed by plaintiff, or her failure to sign the deed at all, did not detract from the title of J. L. Hughes. The record to said property was vested in A. P. Hughes although the legal title thereof was in J. L. Hughes. ■ The finding that the latter did not hold said property in trust for plaintiff

and defendant A. P. Hughes and the conclusion that J. L. Hughes was the owner free of any claim of the other parties to the action are sustained by the evidence that J. L. Hughes paid the consideration therefor and that A. P. Hughes paid none. Since the legal title was in J. L. Hughes it was not community property, and the signature of A. P. Hughes alone on the deed to J. L. Hughes would have conveyed title.

4. *Title to the Toney property not litigated.* Evidence was offered concerning three parcels of property known as the Toney property, and the judgment decrees that neither plaintiff nor defendant A. P. Hughes has any right or title therein. Said property was not brought into the litigation by the pleadings, not having been mentioned in the complaint or in the answers of either J. L. Hughes or Ethel Toney. It does not appear from the record that the case was tried on the theory that title to said property was in issue, the evidence concerning it having been offered for a purpose not involved in these appeals.

It is ordered that that portion of the interlocutory judgment of divorce relating to the Toney property, to wit, Lot 11 in Tract 11542, Lot 154 in Tract 6440, and the West 73.4 feet of Lot 49 of Kendall's Berry Land Tract, be stricken therefrom. The judgment as so modified is affirmed; the order amending the judgment *nunc pro tunc* and the order denying plaintiff's motion to enter a new and different judgment are affirmed; plaintiff's appeal from the order denying a new trial is dismissed; neither party to recover costs on appeal.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 16, 1946, and plaintiff and appellant's petition for a hearing by the Supreme Court was denied June 27, 1946.