[Civ. No. 15792. Second Dist., Div. Two. July 9, 1947.]

Estate of NELL B. TRACY, Deceased. JANICE LEHMAN, Appellant, v. JAMES TRACY, Respondent.

Jensen & Jensen and William C. Jensen for Appellant.

Edgerton & Colwell and J. Howard Edgerton for Respondent.

McCOMB, J.—From an order denying proponent's petition for admission of an alleged will to probate, she appeals.

### Conceded Facts

On July 18, 1945, Nell B. Tracy executed her last will and testament in which proponent, Janice Lehman, was designated a beneficiary. On September 30, 1945, Nell B. Tracy executed an instrument purporting to revoke her will. She died October 14, 1945.

The probate court held that the instrument which purported to be a revocation of decedent's will was executed in accord-

ance with the requirements of section 74 of the Probate Code.

## Questions

There are two questions presented for our determination which will be stated and answered hereunder seriatim:

■ First: *Did the witnesses to the document which purported to revoke decedent's will sign it in the "presence" of decedent?*

This question must be answered in the affirmative. The evidence discloses that at the time decedent signed the revocation she was suffering from cancer and confined to her home in a small bedroom about 9 by 12 feet in size. She stated to her nurse, Reba Thornton, and a neighbor, Leora B. Blot, that she desired to revoke her will and requested Miss Thornton and Mrs. Blot to sign as witnesses. They received the instrument from her after witnessing decedent sign the same, and hearing her declare that it was her signature and that she desired to revoke her former will. Since there was no place in the room where the witnesses could conveniently sign the revocation, decedent directed them to take it into the adjoining dining room and sign on the table there. In accordance with these instructions the witnesses walked some 20 feet to the dining room table and affixed their signatures to the revocation. The testatrix could see into the dining room and hear the witnesses in conversation, but could not actually see the act of signing. After they had signed the document Mrs. Blot returned to the bedroom where decedent expressed her satisfaction at having revoked her will.

Section 74 of the Probate Code provides that a will may be revoked by a writing executed with the same formalities as are required for the execution of a will. Section 50 of the Probate Code provides as one of the requirements for the execution of a will that it be signed by at least two witnesses in the testator's "presence." "Presence" is defined in Webster's New International Dictionary, second edition, 1939, page 1955 thus: "The part of space within one's ken, call, influence, etc.; immediate nearness or vicinity of one; proximity."

In a number of decisions where the meaning of the word "presence" has arisen in connection with the execution of wills, the courts have adopted what is known as the "conscious presence rule" which means that the testator need not actually view the act of signing by the witnesses, but that these

elements must be present: (1) the witnesses must sign within the testator's hearing, (2) the testator must know what is being done, and (3) the signing by the witnesses and the testator must constitute one continuous transaction. (*Estate of Offill,* 96 Cal.App. 640, 647 [274 P. 623]; *In re Demaris' Estate,* 166 Ore. 36 [110 P.2d 571, 585 et seq.]; *In re Lane's Estate,* 265 Mich. 539 [251 N.W. 590, 592]; *Cook* v. *Winchester,* 81 Mich. 581 [46 N.W. 106, 109, 8 L.R.A. 822]; *Cunningham* v. *Cunningham,* 80 Minn. 180 [83 N.W. 58, 60, 81 Am.St.Rep. 256, 51 L.R.A. 642]; *Kitchell* v. *Bridgeman,* 126 Kan. 145 [267 P. 26, 27]; *Healey* v. *Bartlett,* 73 N.H. 110 [59 A. 617, 618, 6 Ann.Cas. 413].)

All of these elements were present in the instant case. The witnesses signed within the decedent's hearing, she knew what was being done, and the signing by the witnesses and decedent constituted one continuous transaction. It is our opinion that the finding of the trial court that the revocation was signed by the witnesses in decedent's presence is, under the foregoing rule, sustained by the evidence.

Second: *Is there substantial evidence to sustain the trial court's finding that contestant is an interested party?*

This question must be answered in the affirmative. The proponent prepared, signed and filed a petition for probate of the alleged will wherein she alleged that contestant, James Tracy, was decedent's surviving spouse. She is therefore foreclosed from now contending that there was no evidence to sustain the finding of the trial court in conformity with her own admission.

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.