[Civ. No. 13960.   First Dist., Div. Two.   Oct. 27, 1949.]

AGATHA V. BRADLEY, Respondent, v. JAMES A. BRADLEY, Appellant.

J. Elwood Andresen for Appellant.

Francis P. Healey for Respondent.

DOOLING, J.—Defendant appeals from an interlocutory decree of divorce granted to his wife on the ground of extreme cruelty.  The parties were married in 1936 and separated in 1947.  The only grounds urged on appeal are a claimed con-

donation by resumption of marital relations after a previous separation of the parties in 1944 and the fact that the only acts of cruelty which were corroborated occurred prior to the date of the asserted condonation.

It appeared from the testimony that the parties had been separated in 1944 and had resumed marital relations in the same year. The length of the separation in that year was not established and the fact of separation developed only incidentally in the testimony of the parties. Condonation was not pleaded and no suggestion was made to the trial court of condonation. Indeed counsel for the appellant participated in a discussion of the settlement of the property rights of the parties after the close of the testimony from which the trial court was entitled to assume that he was not objecting to the sufficiency of the evidence to support a decree of divorce.

Appellant now relies on a statement in *Hamburger* v. *Hamburger*, 60 Cal.App.2d 530, 537 [141 P.2d 453] that: "If the evidence, however, shows condonation, it is the duty of the court, even without a pleading, to find to that effect."

In the Hamburger case the court pointed out immediately following the above quoted language that: "Irrespective of the general nature of the complaint, the case was tried . . . upon the theory there was condonation in 1938, and that revocation of such condonation was an issue to be determined in the case."

The transcript in the case before us contains not a suggestion that condonation or revocation of condonation was an issue. If the point had been suggested by appellant counsel for respondent might have met it. The case having been tried on the theory that condonation was not an issue appellant under settled principles cannot now change his theory on appeal to the disadvantage of respondent. (2 Cal. Jur. 237; *Munfrey* v. *Cleary*, 75 Cal.App.2d 779, 785 [171 P.2d 750].)

The incidents of cruelty which were corroborated occurred in 1941 and 1942 and one in 1944, whether before or after the separation of that year the record does not make entirely clear. All acts of cruelty testified to by the plaintiff need not be corroborated. (*Serns* v. *Serns*, 70 Cal.App.2d 527, 529 [161 P.2d 417]; *McGann* v. *McGann*, 82 Cal.App.2d 382, 386-387 [186 P.2d 424].) The remoteness of the acts which were corroborated was a question resting largely in the discretion of the trial court and the question is one

which must be urged in the trial court in any event. (*Bernstein* v. *Bernstein,* 73 Cal.App.2d 601, 605 [167 P.2d 229].)

Decree affirmed.

Goodell, Acting P. J., concurred.

A petition for a rehearing was denied November 26, 1949, and the following opinion was then rendered:

THE COURT.—The only matters urged on this appeal were those decided by this court in the opinion previously filed. We quote from page three of appellant's opening brief: ''Two questions arise from the evidence as follows: 1. Condonation, and 2. the sufficiency of corroboration of plaintiff's testimony.'' On petition for rehearing appellant attempts to raise for the first time a third point, the claimed insufficiency of the evidence as a matter of law to support a finding of extreme cruelty.

This latter question is presented too late. Appellate courts cannot submit to piecemeal argument and will not consider on petition for rehearing questions not previously raised. (*Pasadena Ice Co.* v. *Reeder,* 206 Cal. 697, 705 [275 P. 944, 276 P. 995] ; *Merchants' Ice & Cold Storage Co.* v. *Globe Brewing Co.,* 73 Cal.App.2d 828, 838 [167 P.2d 503] ; 2 Cal.Jur. 790-792.)

Respondent's petition for a hearing by the Supreme Court was denied December 22, 1949.