[Civ. No. 9042. Third Dist. July 1, 1957.]

MARY CAMACHO, as Special Administratrix, etc., Respondent, v. FELIP E. ESCOBEDO, Appellant.

Colley & Sakuma and Nathaniel S. Colley for Appellant.

Smith & Zeller and George K. Smith for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment quieting title in respondent to certain real property in Stockton, together with the household furniture and furnishings located in the residence upon the property.

The sole question presented is whether the evidence supports the trial court's findings that there was no delivery of the deed and bill of sale under which appellant claims.

There is no dispute but that on May 12, 1953, and after she had caused the preparation of the deed and the bill of sale purporting to convey the property to appellant, Adela Santoyo signed the instruments and acknowledged them before a notary public, nor that in the presence of others she handed the documents to appellant. The evidence, however, is conflicting concerning the intent with which she acted and, as bearing upon that intent, the custody of the documents thereafter. The sole question for this court to resolve on appeal is whether or not the record does contain support for the trial court's decision. An examination of the record has convinced us that it does. It will be sufficient to recite the supporting evidence, which is as follows: Adela Santoyo was a widow with two adult children, Mary and Alex. She owned the real and personal property described in the deed and bill of sale. She and appellant had been living in the residence upon the real property for some six years before she signed the subject instruments. They had not married. Appellant testified that on the evening of May 12, 1953, Adela delivered to him the deed of gift and bill of sale and that he thereupon placed them in his valise which he kept in an unlocked closet in the bedroom where they remained, as he said, until after Adela's death when he recorded them. This testimony, however, conflicted with other testimony, much of the conflict resting in contradictory extrajudicial statements made by appellant. ■ It is, of course, well settled that declarations made by a litigant contrary to his position in the action are admissible and constitute positive evidence tending to prove the truth of the matter admitted. Statements so made outside the court room not only impeach testimony given from the stand, but also serve to prove what was thus stated extrajudicially. (*Bonebrake* v. *McCormick,* 35 Cal.2d 16, 18-19 [215 P.2d 728].) ■ It was shown that appellant had stated extrajudicially that Adela had merely handed the documents to him; that he then gave them back to her and did not see them again until after her death; also on an occasion after the claimed delivery it was shown that Adela stated in appellant's presence that, although she had signed the papers, she was not even sure that she would give him the property, whereupon appellant stated that he did not want anything. There was evidence that she had made like statements out of his presence, that is that she was still undecided whether she would leave the property to him or not. Appellant further stated extra-

judicially, soon after the funeral of Adela, that he knew nothing about the subject documents, although on the day following he actually recorded them. More specifically, appellant stated extrajudicially that on the day the documents bore date and on the occasion he claimed delivery had been made, that when he came home Adela showed the documents to him and that he had them in his hands, but then· gave them back to her and that she had stated to him: "The place here will be yours if I die. If I die the place and the furniture. I'm going to leave these documents or these papers with Nellie Dias and if I should die she will give them to you." He said that was the last time he saw the papers until after Adela's death. The intent with which the documents were handed to appellant was a question of fact for the trial court to determine. It found that there had been no delivery, that is, manumission with intent to vest title. The court found also that after the incident related the documents were kept by Adela until she died. The foregoing related evidence substantially supports these findings and necessitates an affirmance of the judgment.

The judgment appealed from is, therefore, affirmed.

Schottky, J., concurred.