[Civ. No. 6709. Fourth Dist. Nov. 2, 1961.]

LLOYD J. JENSEN, Respondent, v. JEAN W. JENSEN, Appellant.

644

Thomas Whelan for Appellant.

Charles A. Pratt for Respondent.

SHEPARD, J.—This is an appeal from a judgment for divorce in favor of plaintiff.

## FACTS

The parties hereto were married December 20, 1952, and finally separated June 21, 1959. There are three children, two being natural issue and one adopted. A prior action for divorce had been filed June 28, 1957, but was dismissed shortly thereafter. The plaintiff's complaint was for divorce on the ground of extreme cruelty, defendant rejoining with a cross-complaint for separate maintenance on the same ground. An amended complaint and cross-complaint were later filed. Each allegation of cruelty was general in form. Plaintiff's original complaint alleged that the community property consisted of a residence with an encumbrance of $17,000 to plaintiff's parents and an equity of $3,500, house furnishings, two automobiles, bank accounts and a promissory note secured by a trust deed. By her answer, defendant admitted the community character of the property but denied the encumbrance. By her cross-complaint she alleged the community character of the property described in plaintiff's complaint. By the pre-

trial order the property was noted to be community and no issue was presented except its determination and disposition. Three months after the filing of the pretrial order, plaintiff filed an amended complaint alleging, *inter alia,* substantially the same community property except that he alleged that the residence was in joint tenancy subject to the encumbrance above mentioned. Defendant in her answer to the amended complaint denied the joint tenancy character of the title in the residence and filed a new cross-complaint, again alleging the residence to be community property. During the trial defendant continued to contend that the residence was community property and produced some testimony to support her contention.

The evidence relating to extreme cruelty was in conflict. There was evidence of various activities by defendant, including frequent absences from home and conduct with other men which might or might not have been excusable, depending on the point of view taken by the judge of the veracity of the witnesses. No good purpose will be served by recounting the various versions of these witnesses. The trial court found plaintiff's allegations of extreme cruelty to be true and defendant's allegations of cruelty to be untrue. It found all the property to be community property except the balance due on a certain contract of sale acquired by plaintiff prior to the marriage of the parties. It awarded to the defendant the household furniture, the savings account of $128.78, the trust funds of $125, the note and deed of trust on the San Mateo property of the value of $6,000, the children's life insurance, and the 1959 Nash Rambler, and awarded to plaintiff the other community property, imposing upon him the duty to pay off the $17,000 obligation on the residence. It awarded custody of the minor children to defendant and ordered plaintiff to pay $85 per month to defendant for the support of each of said children, or a total of $255 per month.

### EVIDENCE OF CRUELTY SUFFICIENT

Defendant first contends that the evidence of cruelty was insufficient to support the findings of the trial court. As above noted, there was a conflict of evidence. On appeal, conflicts of evidence must be resolved in favor of the judgment of the trial court. (*Brewer* v. *Simpson,* 53 Cal.2d 567, 583 [1-3] [2 Cal.Rptr. 609, 349 P.2d 289]). Without detailing the evidence in toto, it is sufficient to say that there was evidence that in May of 1957, without warning or explanation,

defendant departed the home, taking the children with her to Alabama. Ten days or two weeks elapsed thereafter before she wrote to tell plaintiff of the whereabouts of herself and the children. She did not return until July 4, 1957. After plaintiff's 1958 discharge from the naval service, defendant continually nagged plaintiff about money, being dissatisfied with their living conditions. She complained about having to take care of the children. She wanted to be away from the children. She finally started at real estate school and took a job in a real estate office. Some evenings she did not come home to dinner. Many nights she stayed out until late hours at night, often coming home in an inebriated condition. When plaintiff protested, she told him, "If you don't like it, you can get out." She brought another man to the home to visit, without plaintiff's invitation or consent. At a party she sat on another man's lap, embracing him. On going to another place the same night she continued this conduct all evening.

When plaintiff finally protested, defendant slapped him and left. Plaintiff persuaded another guest to take him home, found the family home locked, and stayed all night in one of the cars. In the morning defendant was not in the house. Substantial parts of the foregoing were corroborated by other witnesses. Under the circumstances present in this case, corroboration of every detail of the evidence is not required. (*Lawatch* v. *Lawatch,* 161 Cal.App.2d 780, 787 [6-7] [327 P.2d 603]; *Steele* v. *Steele,* 132 Cal.App.2d 301, 304 [8] [282 P.2d 171]; *Bradley* v. *Bradley,* 94 Cal.App.2d 310, 311 [2] [210 P.2d 537, 211 P.2d 638].) Some of the events were admitted by defendant, but according to her version she was excusable. In view of the familiar rule set forth in *Brewer* v. *Simpson, supra,* we can not say that the evidence is insufficient as a matter of law to support the findings.

### CROSS-COMPLAINT AMENDMENT

Defendant assigns error to a refusal of the trial court to grant defendant's motion to amend her cross-complaint prayer so as to ask for divorce. After the court announced its decision, defendant sought to amend her cross-complaint to ask for divorce. Such motion was delayed at the court's suggestion until the hearing on the motion for new trial and was finally denied at that time. Defendant cites no authorities for her contention of error. Permission to amend under the circumstances here present lies within the discretion of the trial court. (*Dos Pueblas Ranch & Improvement*

*Co.* v. *Ellis,* 8 Cal.2d 617, 622 [4] [67 P.2d 340] ; *Peterson* v. *Peterson,* 74 Cal.App.2d 312, 323 [17] [168 P.2d 474] ; *Creighton* v. *Creighton,* 6 Cal.App.2d 270, 272 [2] [43 P.2d 1104].) Under the facts, we are unable to find any abuse of discretion.

## COMMUNITY PROPERTY

Defendant assigns as error the findings of the trial court that the residence was community property. We find no merit in this contention. Defendant had declared or admitted in each of her answers and cross-complaints that this was community property. She had maintained that position throughout the trial and made no different contention on her motion for a new trial. The statements made by defendant in her pleadings are evidence. (*Thomasset* v. *Thomasset,* 122 Cal.App.2d 116, 133 [36-37] [264 P.2d 626] ; *Camacho* v. *Escobedo,* 152 Cal.App.2d 198, 199 [1] [313 P.2d 28], *Estate of Raphael,* 115 Cal.App.2d 525, 532 [13] [252 P.2d 979].)

Furthermore, the position taken by both parties in their pleadings throughout the trial and up to the time this appeal was taken, was that this was community property, and the matter cannot properly be presented now for the first time on appeal. (*Munfrey* v. *Cleary,* 75 Cal.App.2d 779, 785 [4] [171 P.2d 750] ; *Hughes* v. *Hughes,* 74 Cal.App.2d 327, 329 [3] [168 P.2d 429] ; *Estate of Tracy,* 80 Cal.App.2d 782, 784 [2] [182 P.2d 336].)

## COMMUNITY DEBT

In connection with the purchase of the residence, the evidence shows that there is an unpaid balance of $17,000 on account of purchase money advanced by the parents of plaintiff and that defendant, for herself and as attorney-in-fact for plaintiff, executed a written contract to repay this advance. The parties, prior to separation, made payments of $58 per month thereon for a considerable period of time. Defendant now contends that these advances were gifts and that the court erred in attempting to adjudicate that such indebtedness was a lien on the premises. There was some testimony by defendant that these advances were gifts. However, the actions of the parties and the execution of the written contract to repay was in sharp conflict with that testimony. The court's order merely saddled this debt on the shoulders of plaintiff. A review of the property awards shows an attempt by the court to fairly balance the property division. The discretion vested in the trial court. (*Harrold* v. *Harrold,* 43

Cal.2d 77, 86 [8] [271 P.2d 489]; *Steele* v. *Steele, supra,* p. 305 [10]; *Thompson* v. *Thompson,* 136 Cal.App.2d 539, 541 [3] [288 P.2d 932].)

The judgment is affirmed.

Griffin, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 9, 1962.