Hillsborough County Probate Court
No. 2004-719

IN RE ESTATE OF CATHERINE FISCHER

Argued: September 14, 2005
Opinion Issued: October 19, 2005

670

*Schrepfer & Paradis, P.L.L.C.*, of Manchester (*John J. A. Schrepfer* on the brief and orally), for the petitioner.

*Ansell, Barradale, Newkirk, Anderson & Dwyer, P.A.*, of Bedford (*Pamela J. Newkirk* on the brief and orally), for the respondent.

GALWAY, J. The respondent, Kathleen LaForge, appeals an order of the Hillsborough County Probate Court (*Cloutier*, J.) ruling that the statutory requisites for executing the will of the testatrix, Catherine Fisher, were followed. We reverse and remand.

The testatrix's will named the petitioner, Francesca Pettengill, one of her daughters, as her executrix and bequeathed her real property to the petitioner and the petitioner's husband. The respondent, another of the testatrix's daughters, and Kimberly LaForge, the testatrix's granddaughter, objected to the probate of the will and moved for it to be reexamined and proved in solemn form. *See* RSA 552:7 (1997). Following a hearing on the merits, the probate court ruled that the will was properly executed. *See* RSA 551:2, III, IV (1997).

"The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (1997). "Consequently, we will not disturb the probate court's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law." *In re Estate of Treloar*, 151 N.H. 460, 462 (2004) (quotation omitted).

RSA 551:2 (1997) provides, in pertinent part:

**Requirements.** To be valid, a will or codicil to a will shall:

I. Be made by a testator qualifying under RSA 551:1; and

II. Be in writing; and

III. Be signed by the testator, or by some person at his or her express direction in his or her presence; and

IV. Be signed by 2 or more credible witnesses, who shall, at the request of the testator and in the testator's presence, attest to the testator's signature.

 "In probate of a will in solemn form, the proponent of the will has the burden of proving its due execution." *In re Estate of Washburn*, 141 N.H. 658, 663 (1997) (citation omitted); *see* RSA 552:7. A will that is not duly executed pursuant to the requirements of RSA 551:2 is invalid. *See In re Wilson Estate*, 119 N.H. 425, 426 (1979).

 The respondent argues that the testatrix's will is invalid because, although two witnesses signed it at the testatrix's request, they did not sign it in her presence. *See* RSA 551:2, IV. Because we agree with this argument, we need not address the respondent's alternative assertion that the will was invalid because, while the petitioner executed it at the testatrix's direction, she likewise did not sign it in the testatrix's presence. *See* RSA 551:2, III.

In *Healey v. Bartlett*, 73 N.H. 110, 111 (1904), we explained that witnesses are in the testator's presence "whenever they are so near him that he is conscious of where they are and of what they are doing, through any of his senses, and are where he can readily see them if he is so disposed." The testator need not "actually see the witnesses for them to be in his presence." *Healey*, 73 N.H. at 111. It is sufficient that "he has knowledge of their presence, and can, if he is so disposed, readily see them write their names, ... even if he does not see them do it and could not without some slight physical exertion." *Id.*

 "The test to determine whether the will of a person who has the use of all his faculties is attested in his presence, is to inquire whether he understood what the witnesses were doing when they affixed their names to his will, and could, if he had been so disposed, readily have seen them do it." *Id.* at 112. When a testator does not have all of his faculties solely because of physical infirmities, "the test to determine whether his will is attested to in his presence is to inquire whether he was conscious of the presence of the witnesses and understood what they were doing when they wrote their names, and could also, if it had not been for his physical infirmities, readily have seen and heard what they were doing, if he had been so disposed." *Id.*

Having reviewed the record, we hold that the evidence does not support the trial court's finding that the witnesses signed the will in the testatrix's presence; this finding is plainly erroneous. *See* RSA 567-A:4.

The record shows that on November 10, 2002, when the will was executed, the testatrix was dying of cancer and was bedridden. She was unable to go to the bathroom unassisted, prepare meals or dispense her own medications. The record shows that, on that day, the testatrix's attorney came to the testatrix's home to oversee the signing of her will. The attorney testified that she reviewed the will with the testatrix before it was signed. Later, in the presence of the witnesses, the attorney asked the testatrix, among other things, if she had read the will, if she understood the will, if it disposed of her property in the manner she wished, if she wanted the will to be signed that day and if she wanted the witnesses to act as witnesses.

The record demonstrates, however, that the witnesses did not sign the will in the room in which the testatrix lay in bed; rather, they signed the will on the porch. As one of the witnesses testified:

Q. And do you recall that day where the will signing took place, in what specific room?

A. On the porch.

Q. It was on the porch?

A. Yeah.

Q. Where is the porch? Now, that's in the front, back?

A. When you're facing the house, it's on the right-hand side. I guess it's a porch, I don't really know what they call it.

Q. And was [the testatrix], was she, how, where—where was she, where was she; was she standing, was she sitting?

A. No, she was laying in her bed like she always was when I saw her. Um, she was in, I don't know—it was off the kitchen, I'm not sure if that was a living room or, it wasn't, it was like two rooms, I'm not sure what part of the house that was.

The other witness confirmed that the will was signed on the porch and not in the living room area where the testatrix was. The record does not indicate the distance between the porch and the living room. Nor does it indicate whether there were any barriers between the living room and the porch. The record does not indicate, for instance, whether the living room

was on one end of the house and the porch on the other, or whether the porch and living room were adjoining.

▊ The petitioner bore the burden of proving that the witnesses signed the will in the testatrix's presence. Yet there was no evidence in the record that, but for the testatrix's physical infirmities, she could have "readily . . . seen and heard" what the witnesses were doing, had she been so disposed. *Healey*, 73 N.H. at 112. Nor was there evidence that the witnesses were "so near" to the testatrix that she was conscious of where they were and what they were doing when they signed the will. *Id.* at 111. On this record, we are unable to defer to the probate court's finding that the witnesses signed the will in the testatrix's presence. *See* RSA 567-A:4.

▊ Absent citation to any binding authority, the petitioner argues that RSA 551:2, IV was met because the witnesses signed the will in the testatrix's attorney's presence. Such a construction contravenes the plain language of the statute. RSA 551:2, IV requires that the witnesses sign in the presence of the "testator," not the testator's attorney. We interpret the statute as written and will not consider what the legislature could have said or add words to the statute that the legislature did not see fit to include. *Woodview Dev. Corp. v. Town of Pelham*, 152 N.H. 114, 118 (2005).

*Reversed and remanded.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.