Filed 6/12/26  Marriage of Hunt CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of NICOLE and KEVIN HUNT. | 2d Civ. No. B347754 (Super. Ct. No. D406920) (Ventura County) |
| NICOLE HUNT,<br><br>    Respondent,<br><br>v.<br><br>KEVIN ANTHONY HUNT,<br><br>    Appellant. | |

This is the second appeal regarding the dissolution of marriage between appellant Kevin Anthony Hunt and respondent Nicole Hunt.[1]  Kevin contends the trial court erred in

---

[1] We refer to the parties by their first names to avoid confusion.  No disrespect is intended.

dividing their community property.  We affirm.[2]

FACTS AND PROCEDURAL HISTORY

In August 2024, the trial court held a two-day trial with Judge Randy Rhodes presiding.  Nicole's real estate expert Ben Horowitz testified that the estimated fair market rental value of the family residence was $4,000 a month.  The sale of the residence was pending at the time of trial, and as a result, the trial court reserved issues regarding the division of the family property, charges and credits under *In re Marriage of Watts* (1985) 171 Cal.App.3d 366 (*Watts*) and *In re Marriage of Epstein* (1979) 24 Cal.3d 76 (*Epstein*), receiver fees, and attorney fees and costs.  The trial court granted dissolution of the marriage and decided custody, visitation, and child/spousal support.  Kevin appealed that decision, and we affirmed.  (*In re Marriage of Hunt* (Jul. 17, 2025, B340666) [nonpub. opn.].)

In May 2025, Judge Amy Van Sickle presided over the reserved issues.  Following an evidentiary hearing, Judge Van Sickle entered a judgment on the reserved issues.  Kevin did not request a statement of decision.  The court's ruling provided that the sale of the residence resulted in $123,026.78, and each party would be entitled to one-half, $61,513.39.

As to *Watts* charges, the court imposed a $49,000 *Watts* charge against Kevin based on the fair market rental value of $4,000 per month for the 24.5 months when Kevin had exclusive use and possession of the home.  The total amount was $98,000, and one-half of that amount was $49,000.  As to *Epstein* credits, the court credited Kevin with $10,516.25 for three months of mortgage payments he made on the family residence.  Nicole was

---

[2] We grant Kevin's request that we take judicial notice of the trial court's tentative ruling dated October 16, 2024.

to reimburse Kevin for one-half of that amount, which would be $5,258.13.

As to the receiver fees, the court ordered Kevin to reimburse Nicole $15,393 from his community share.

With respect to attorney fees, the court found that Kevin had not paid Nicole's prior attorney fees as ordered by a previous July 24, 2023, order. The court ordered Kevin to reimburse $2,305 to Nicole from his community share for these unpaid attorney fees. The court also ordered Kevin to reimburse Nicole for one-half of an advance Kevin had received for attorney fees and costs. He owed $3,250.

The total after applying all offsets, credits, and attorney fees was as follows: Nicole was to receive $122,953.26 and Kevin was to receive $73.52 from the sale of the residence. The court further deducted $3,250 from the advanced attorney fees owed by Kevin to Nicole. As a result, the total amount owed to Nicole was $126,203.26.

DISCUSSION

*1.* Watts *charges and* Epstein *credits*

Kevin contends the $49,000 *Watts* charge is not supported by substantial evidence and the trial court ignored his evidence of mortgage payments to support *Epstein* credits. We disagree.

" 'Where one spouse has the exclusive use of a community asset during the period between separation and trial, that spouse may be required to compensate the community for the reasonable value of that use.' [Citation.] The right to such compensation is commonly known as a '*Watts* charge.' " (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 978, citing *Watts, supra,* 171 Cal.App.3d at p. 374.) "Where the *Watts* rule applies, the court is 'obligated either to order reimbursement to the community or to

3

offer an explanation for not doing so.'" (*Falcone & Fyke*, at p. 978.)

*Watts* charges can be offset by *Epstein* credits, or reimbursements to a party who uses their separate property to pay down a preexisting community debt, such as a mortgage on a house acquired during marriage. (*Epstein*, *supra*, 24 Cal.3d at pp. 84–85.) "*Epstein* does not mandate full reimbursement in all cases, but allows the trial court discretion to order reimbursement in an amount that is equitable." (*In re Marriage of Hebbring* (1989) 207 Cal.App.3d 1260, 1272 (*Hebbring*).)

The trial court's ruling on *Watts* charges and *Epstein* credits is reviewed for abuse of discretion. (*Hebbring*, *supra*, 207 Cal.App.3d at p. 1272.) " ' "As long as the court exercised its discretion along legal lines, its decision will be affirmed on appeal if there is substantial evidence to support it." ' " (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 318–319.)

As to the *Watts* charges, the trial court found Kevin vacated the family residence around July 11, 2024, and was in "exclusive use and possession of the residence" for a period of 24.5 months. The court found the fair market rental value of the residence was $4,000 per month, resulting in a total of $98,000. He owed $49,000, which was one-half of the total to compensate the community.

Kevin contends the $49,000 is not supported by substantial evidence. On a review for substantial evidence, we accept all evidence that supports the judgment, disregard contrary evidence, and draw all reasonable inferences to uphold the judgment. We do not reweigh the evidence, redetermine the credibility of the witnesses, or resolve conflicts in the testimony.

4

We will not disturb the judgment if there is evidence to support it. (*In re Marriage of Nelson* (2025) 115 Cal.App.5th 904, 914.)

Here, substantial evidence supports that Kevin exclusively used and possessed the residence for 24.5 months. At trial, Kevin admitted he was the only person living in the home from July 1, 2022, through approximately July 11, 2024. The receiver did not have control over the property during this time frame. Substantial evidence also supports the fair market rental value of $4,000 for the property. Nicole retained Horowitz as a real estate expert who testified and prepared a report regarding the value of the home based on Multiple Listing Service (MLS) data from comparable properties. Kevin did not present any contrary evidence.

Kevin also contests the trial court's basis for the *Watts* ruling, contending there was no competent evidence to support the rental value and that the judgment ignored offsets. But Kevin did not request a statement of decision as to the court's ruling on reserved issues. (See Code Civ. Proc., § 632.) "The failure to request a statement of decision on the valuation of the community property interest . . . is fatal to [an] appellate attack on the trial court's valuation." (*Hebbring*, *supra*, 207 Cal.App.3d at p. 1274.) " 'If the statement [of decision] was waived, all intendments will favor the lower court's ruling and, thus, it will be presumed on appeal that the trial court found all facts necessary to support the judgment (doctrine of "implied findings"). The remaining issue on appeal is then whether there is "substantial evidence" to support the lower court's "implied findings." ' " (*Ibid.*) Because substantial evidence supports the trial court's ruling on the *Watts* charge, we uphold the ruling.

As to the *Epstein* credits, there was evidence that Kevin paid three mortgage payments on the residence postseparation. As Kevin acknowledges, the court granted him "$10,516.26 in Epstein credits one-half ($5,258.13) owed by [Nicole]." Kevin nevertheless asserts the court "[u]ndercut or eliminated the credits." We are not persuaded. The record reflects the court awarded the credits and the total calculation of the division of community property reflects that $5,258.13 was reimbursed to Kevin from Nicole's community share. Kevin does not demonstrate an abuse of discretion.

## 2. *Allocation of fees*

Kevin contends the trial court improperly allocated certain community debts, including the entirety of the receiver fees ($15,393) and previously ordered attorney fees ($2,305) from his community share. We conclude there was no error.

A trial court has broad discretion in determining the amount of fees awarded to a receiver and has considerable discretion to determine who ultimately bears the cost of the receivership. (*City of Sierra Madre v. SunTrust Mortgage, Inc.* (2019) 32 Cal.App.5th 648, 657; *Melikian v. Aquila* (1998) 63 Cal.App.4th 1364, 1368.) Similarly, the trial court has broad discretion in awarding attorney fees in a marriage dissolution proceeding. (*In re Marriage of Ward* (1992) 3 Cal.App.4th 618, 628.) Kevin does not show the appointment of a receiver was unnecessary. The register of actions reflects that Nicole requested appointment of a receiver and the receiver subsequently requested an instruction and move out order. Kevin does not contest that his actions necessitated appointment of a receiver. Thus, he has not demonstrated an abuse of discretion.

6

Nor has Kevin shown an abuse of discretion when the court ordered him to pay Nicole's unpaid attorney fees, which he had been previously ordered to pay. Because Kevin has not requested a statement of decision and the record before us does not otherwise demonstrate error, we presume the trial court's orders are correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [appellant has the duty to affirmatively show error].) We will not disturb the trial court's orders.

### 3. *Family Code section 2550*

Kevin contends the judgment violated Family Code section 2550 because it divided property unequally. We conclude otherwise.

Family Code section 2550 provides that the trial court shall "divide the community estate of the parties equally." The trial court possesses "broad discretion to determine the manner in which marital property is divided in order to accomplish an equal division." (*In re Marriage of Cream* (1993) 13 Cal.App.4th 81, 88.) In dividing community property, the court must consider and balance assets and debts, as well as credits and reimbursements. (See *ibid.*; *Jensen v. Jensen* (1961) 196 Cal.App.2d 643, 647; *In re Marriage of Barnert* (1978) 85 Cal.App.3d 413, 420.)

Here, the trial court equally divided the community estate. The court began its calculations with the equal division of the proceeds from the sale of the family residence. After applying *Epstein* credits and *Watts* charges, the court then factored in the receiver fees and unpaid attorney fees that Kevin owed. The court then factored in Kevin's attorney fees of $6,500 that were advanced from the community share. The court divided that amount in half ($3,250) for reimbursement to Nicole. In sum, the

7

resulting calculation reflected an equal division of the community property once all credits, charges, reimbursements, and obligations were factored.  There was no violation of Family Code section 2550.

### 4.  *Due process*

Kevin contends he was denied due process because a new judge, Judge Van Sickle, ruled on the reserved issues without reviewing the evidence from the August 2024 trial.  Kevin also asserts that the trial court did not conduct a full evidentiary hearing before ruling on the reserved issues.  We reject these contentions.

Here, the reporter's transcripts from the August trial were lodged with the court.  We presume Judge Van Sickle considered all relevant evidence.  " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)  Kevin also forfeited any argument on appeal regarding the new trial judge by failing to raise the objection at or before the May 2025 evidentiary hearing.  Lastly, the record contradicts Kevin's assertion that Judge Van Sickle did not conduct a full evidentiary hearing.  The record reflects that the court held an evidentiary hearing in which it considered testimony and exhibits, conducted its own examination, and heard arguments.  Kevin does not demonstrate a due process violation.

### 5.  *Miscarriage of justice*

Kevin contends the judgment must be reversed because the errors in the proceedings below resulted in a miscarriage of justice.  (Cal. Const., art. VI, § 13.)  We disagree.  Kevin has not

demonstrated prejudicial error in the trial court's division of property.

## DISPOSITION

The judgment is affirmed.  Nicole shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>



BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

9

Amy E. Van Sickle, Judge

Superior Court County of Ventura

_____

Kevin Hunt, in pro. per., for Appellant.

Nelson Comis Kettle & Kinney and Brian Horan for Respondent.